UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Aaron E. Young,                                              Case No. 3:17-cv-02426

    Plaintiff

v.                                                                        MEMORANDUM OPINION
                                                                                  AND ORDER

Management & Training Corporation, et al.,

    Defendants


Before me are Defendants' Motion for Judgment on the Pleadings (Doc. No. 5), and Plaintiff's Motion for Restraining Order (Doc. No. 6), Motion to Stay Proceedings (Doc. No. 8), Motion to Take Judicial Notice (Doc. No. 12), Motion to Voluntarily Dismiss Parties (Doc. No. 14), Motion for Leave to Amend Complaint (Doc. No. 15), and Supplemental Motion for Leave to Amend Complaint (Doc. No. 17). Defendants oppose Plaintiff's Motions (Doc Nos. 7, 16).

*Pro se* Plaintiff Aaron E. Young filed this action under 42 U.S.C. § 1983 in the Marion County Common Pleas Court against Management & Training Corporation ("MTC"), MTC Medical LLC, North Central Correctional Complex ("NCCC") Warden Neil Turner, NCCC Deputy Warden Taggart Boyd, NCCC Deputy Warden Becky Joyce, NCCC Institutional Inspector Lori Shuler, NCCC Major Ruben Quintero, NCCC Healthcare Administrator Vicky Donahue, NCCC Assistant Healthcare Administrator April Ellinwood, NCCC Director of Nursing Deanna Croyle, NCCC Unit Manager Administrator James Craig, NCCC Unknown Corrections Officers #1 and #2, John Does

#1 and #2, Jane Does #1 and #2, NCCC Unknown First Shift Captain, NCCC Unknown First Shift Lieutenant, NCCC Unknown Deaf Service Coordinator, NCCC Case Manager Kea Smith, NCCC Sergeant Benjamin Blankenship, and NCCC Unknown Nurses #1-3.  In the Complaint, Plaintiff alleges he was compelled to disclose his tuberculosis diagnosis within hearing distance of other inmates in violation of the Fourteenth Amendment.  Defendants removed the action to federal court based on federal question jurisdiction, and ask me to dismiss the Complaint for failure to state a claim.

Plaintiff now seeks to modify his pleading.  He filed two Motions for Leave to Amend the Complaint (Doc. Nos. 15 and 17).  These Motions are granted.  Plaintiff shall have thirty days from the date of this Order to file an Amended Complaint which sets forth all of the claims against all the Defendants he intends to include in this action.  His Motion to Voluntarily Dismiss Parties (Doc. No. 14) is denied without prejudice as moot.  An Amended Complaint takes the place of the original Complaint.  Plaintiff can therefore drop his claims against certain Defendants by simply not asserting them in the Amended Complaint.

Furthermore, because Plaintiff has been granted leave to file an Amended Complaint, Defendants' Motion for Judgment on the Pleadings (Doc. No. 5) is denied without prejudice as moot.

Plaintiff also asks me to take judicial notice that he attempted to serve all of the Defendants (Doc. No. 12).  This Motion is denied as moot.

Plaintiff's Motions requesting a restraining order (Doc. No. 6) and a stay of proceedings (Doc. No. 8) concern matters that are outside the issues raised in the Complaint.  They are denied without prejudice.

Therefore, Plaintiff's Motion for Leave to Amend Complaint (Doc. No. 15) and Supplemental Motion for Leave to Amend Complaint (Doc. No. 17) are granted. Plaintiff's Motion for Restraining Order (Doc. No. 6), Motion to Stay Proceedings (Doc. No. 8), Motion to Take Judicial Notice (Doc. No. 12), and Motion to Voluntarily Dismiss Parties (Doc. No. 14) are denied without prejudice. Defendants' Motion for Judgment on the Pleadings (Doc. No. 5) is also denied without prejudice.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge