IN UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| AARON E. YOUNG, | : | Case no.: 3:17-cv-02426 |
| Plaintiff, | : | Judge Jeffery J. Helmick |
| Vs. | : | |
| MANAGEMENT & TRAINING | : | |
| CORPORATION et al., | : | |
| Defendant. | : | |

### PLAINTIFF YOUNG'S SUR REPLY INSTANTER

The Defendants are attempting to purposely mislead this Court by contending that "through affidavits and other Fed. R. Civ. P. 56 evidence, [they] have demonstrated that no such meeting took place."(Doc. 33 PAGEID# 210). The Fed. R. Civ. P. 56 evidence that the Defendants point to is Shuler and Donohue's affidavits. However, said affidavits do demonstrate that the Defendants did not have any meeting; it only demonstrates that Shuler and Donohue did not have a meeting with one another, or have a meeting with the other Defendants.

*Black's Law Dictionary, Seventh Edition,* defines "admission by Silence, as "The failure of a party to speak after an assertion of fact by another party that, if untrue, would naturally compel a person to deny the statement

There is no dispute that the Defendants conducted a mandatory TB screening in the day rooms at NCCC. This was a *planned event,* and an inference can be drawn that a meeting

1

occurred with top prison officials to discuss how the TB screening would be conducted and what security measures would be taken. An additional inference can be drawn that the reason that Turner, Joyce, Craig, and Quintero failed to dispute Young's assertion that they had this meeting, where they ordered that the TB screening was to take place in a congested area that would require inmates to disclose their TB information within earshot of other inmates, is because they would be given perjured testimony, An inference can also be drawn that the reason Blankenship, Smith DSC, Unknown Correctional officer 1 and 2, and the Defendant Nurses, who had personal knowledge of how the TB testing was conducted in Young's unit, did not dispute Young's claim that the TB testing was conducted in a congested area inside the unit, is because they would have been given perjured testimony.

It is clear, that through the Defendants' silent admission, they have admitted to the facts set forth in the Amended Complaint. Moreover, by the Defendants failing to contest the facts, said facts must be treated as undisputed facts. *See* Fed. R. Civ. P. 56 (e).

Next, the Defendants are trying to mislead this Court with their contention that the case authority that Young cites does not state that "disclosure of medical information within a prison in the presence of other inmates***infringe upon constitutional rights."(*Id.* 209). The case authorities that the Defendants point to are *Casey v. Lewis*[1] and *Fair v. S. Ohio Corr. Facility.*[2] Young never stated that that *Casey* held this; he asserted that the *Casey* court condemned the practice. And in *Fair* the court stated that it lacked jurisdiction to entertain the plaintiff's claim

2

---

[1] 834 F. Supp. 1477, 1547 (D. Ariz. 1993).
[2] 2008-Ohio-7045, 3.

that a nurse disclosed his medical information within earshot of other inmates because it was a constitutional issue. Is clear that if it was a constitutional issue, the court is saying the nurse's act infringed upon the plaintiff's constitutional rights.

Defendants then take the position that Young "must produce some evidence that he was prevented from appealing Shuler's Disposition of Grievance. It is telling he has not attested in his sworn Declaration that Shuler prevented him from appealing the Disposition of Grievance." (Doc. 33 PAGEID# 212). The Defendants are attempting to come-up with outrageous contentions. As Young stated in his Amended Complaint he moved Shuler for an appeal form several times but to no avail. To clear this up for the Defendants, Young sent the inspector prison kites several times requesting an appeal form, but she never responded back to his kite or forwarded him the requested appeal form. Moreover, Young's Amended Complaint was verified to this assertion. *See Williams v. Bowman,* 981 F2d 901, 904-05 (6th Cir. 1992).

Lastly, the Defendants contend that Young's claim lacks merit and that Young concede this fact when he filed his motion to voluntarily dismiss his summary judgment motion, when he stated that the motion lacked merit and was a waste of the Court's time and recourses. (Doc. 33 PAGEID# 213). Here, Young inadvertently made that assertion due to the fact that he was rushing to draw up the motion because the prison library was about to close and he was unaware that that he would not be able to get legal copies for a few days since the librarian was going on vacation.

3

**WHEREFORE,** Young respectfully moves his Court deny the Defendants' summary judgment motion

Respectfully submitted,

*Aaron E. Young*

P.O. Box 788

Mansfield, Ohio 44901

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing was mailed to Kenneth E. Smith, 1001 Lakeside Avenue, Suite 1400, Cleveland, Ohio 44114-2378 via regular mail on 8/16/18

*Aaron E. Young*

4