UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Aaron E. Young, *pro se*,  Case No. 3:17-cv-2426

    Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Management & Training Corp., et al.,

    Defendants.

## I. Introduction

Plaintiff Aaron E. Young has filed a motion to alter or amend the judgment entered against him. (Doc. No. 49). He also has filed a motion for recusal, (Doc. No. 50), a motion to take judicial notice, (Doc. No. 52), and a motion to stay. (Doc. No. 53). Defendants filed a brief in opposition to Young's motion for reconsideration and his motion for recusal. (Doc. No. 51). For the reasons stated below, I deny Young's motions.

## II. Background

Young, who is incarcerated at the North Central Correctional Complex in Marion, Ohio, ("NCCC"), filed suit against Management & Training Corporation ("MTC"), MTC Medical LLC, and various individual defendants. Young claims the Defendants violated his Fourteenth Amendment rights by the manner in which they conducted tuberculosis screening and testing at

NCCC. (Doc. No. 19). After reviewing the parties' arguments, I granted the Defendants' motion for summary judgment. (Doc. No. 46).

Young asserts I made serious factual and legal errors in rejecting his claims and contends I should reverse my earlier ruling.

### III. STANDARD

The Federal Rules of Civil Procedure permit a party to file a motion to alter or amend a judgment within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). "Under Rule 59, 'a district court may alter a judgment . . . based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) (quoting *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551–52 (6th Cir. 2012)). Motions for reconsideration under Rule 59(e) are not intended to give a party "an opportunity to relitigate matters already decided . . . [or to be] a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 969 (N.D. Ohio 2009) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (quoting *Durkin v. Taylor*, 444 F. Supp. 879 (E.D. Va. 1977)).

### IV. DISCUSSION

#### A. MOTION FOR RECUSAL

Young argues I must recuse from his case because, he alleges, I have "shown complete bias" against him. (Doc. No. 50 at 1). Young claims I have shown bias in four ways: (1) by not referring his case to a Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 16.2(a)(2)(D); (2) by ruling there is no genuine dispute of material fact sufficient to preclude the entry of summary judgment in favor of Defendants; (3) by failing to provide him "notice of the

2

consequences of a summary judgment motion and the requirements of the summary judgment rule"; and (4) by denying his motions to strike statements contained in affidavits Defendants presented. (Doc. No. 50 at 1-2).

A judge "'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned,'" including circumstances in which a reasonable objective person may question whether the judge has "personal bias or prejudice concerning a party." *Latham v. United States*, 106 F. App'x 395, 396 (6th Cir. 2004) (quoting 28 U.S.C. § 455(a) and citing 28 U.S.C. § 455(b)(1)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Young's recusal motion lacks merit because he only points to my rulings as evidence of bias. Young does not identify any statements I made in my summary judgment opinion which support his accusations of bias. Judicial remarks may support "a bias or partiality challenge . . . [only] if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Young's disagreements with my rulings, to the extent they have any plausible basis, are potential grounds of appeal, not recusal.

Therefore, I deny Young's motion for recusal. (Doc. No. 50).

### B.     MOTIONS TO STAY AND FOR JUDICIAL NOTICE

Young moves for a stay of a decision on his motion to alter or amend the judgments against him and his motion to recuse because he may be moved from his institution to attend court proceedings related to his criminal cases and he may not be able to respond to any rulings I make on those motions. (Doc. No. 53). Young offers no time frame as to when he may be required to attend court proceedings, or any explanation as to what type of response he would seek to file after I rule on his motions. I conclude he fails to show good cause for a stay and deny his motion. (Doc. No. 53).

Young also filed a motion to take judicial notice pursuant to Federal Rule of Evidence 201. (Doc. No. 52). Young requests I take judicial notice that I (1) failed to provide him "notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule" and (2) violated Local Rule 16.2(a)(2)(D) by not referring his case to a Magistrate Judge for preparation of a Report and Recommendation. (Doc. No. 52 at 1-2).

Young's motion lacks merit. As an initial matter, Rule 201 permits judicial notice of "an adjudicative fact only." Fed. R. Evid. 201(a). What Young seeks is judicial notice of "an aspect of legal reasoning," *United States v. Jones*, 580 F.2d 219, 222 (6th Cir. 1978), which is not a proper matter of judicial notice. Further, as I discuss below, Young's arguments do not entitle him to relief. Therefore, I deny his motion for judicial notice. (Doc. No. 52).

### C. MOTION FOR RECONSIDERATION

Young first contends I violated Local Rule 16.2 by not referring his case to a Magistrate Judge for preparation of a Report and Recommendation. (Doc. No. 49 at 2). Courts utilize referrals to a Magistrate Judge as a procedural matter of case management. Young has no substantive right to a Report and Recommendation, and he fails to offer any argument as to why such a referral might have had any impact on the outcome of his case. This line of argument lacks merit.

Young next takes issue with my statement that he offered "no evidence to disprove Defendants' assertion that the tuberculosis testing was held in the common area rather than in private offices in order to maintain security for staff members." (Doc. No. 46 at 6). He claims there is a dispute as to whether the inmates were standing during this screening and whether the tables were close enough together that inmates could easily overhear what was being said at those tables.

Young's argument is not persuasive because the parties' dispute regarding the distance between the tables is not material to the resolution of his claim. Whether the tables were four feet apart, as Young asserts, or on different sides of the room, as Defendants allege, does not impact the

4

outcome of Defendants' motion.  Viewing the facts in the light most favorable to Young, he "fails to show his interest in protecting the privacy of his medical information outweighs Defendants' interest in its legitimate penological objectives."  (Doc. No. 46 at 6-7).

Young also contends I committed a manifest error by staying discovery and by failing to notify him of the potential consequences of the Defendants' summary-judgment motion and the requirements of the summary-judgment rule.  (Doc. No. 49 at 4).  Neither argument is persuasive.

Young's brief in opposition to Defendants' summary judgment motion plainly demonstrates he was aware of the requirements of Rule 56 and the standard by which Defendants' motion would be examined.  (Doc. No. 29 at 3-4).  Moreover, he does not identify any evidence which may have been disclosed in discovery that plausibly could have affected the outcome of Defendants' motion.

The gist of Young's claims is that he contends Defendants could have done more to protect inmate privacy during the tuberculous screening.  He is not entitled to reconsideration of my earlier decision because he cannot show the manner in which Defendants conducted that screening violated his constitutional rights.

## V.  CONCLUSION

For the reasons stated above, I deny Young's motion to alter or amend the judgment against him, (Doc. No. 49), his motion for recusal, (Doc. No. 50), his motion for judicial notice, (Doc. No. 52), and his motion to stay.  (Doc. No. 53).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge